OPINION OF THE COURT
Per Curiam.
Order entered October 21, 2004 reversed, with $10 costs, and defendant’s motion for summary judgment dismissing the complaint is granted. The clerk is directed to enter judgment accordingly.
In April 2001 defendant leased a vehicle from Manhattan Ford-Lincoln-Mercury, Inc., a nonparty, which assigned the lease to plaintiff. The lease provided, in pertinent part, “DEFAULT. You will be in default if . . . (c) any governmental authority seizes the vehicle and does not promptly and unconditionally release the Vehicle to You.” After defendant was arrested for driving while intoxicated, the vehicle was seized by the New York City Police Department (NYPD), which eventually released the vehicle to plaintiff. Plaintiff signed a general release, agreeing both to hold NYPD harmless for any claims that may be asserted against it with respect to the vehicle and to not return the vehicle to defendant. After selling the vehicle, plaintiff commenced this action seeking to hold defendant in default under the lease agreement and to recover the remaining lease payments. Defendant answered, asserting various affirmative defenses and counterclaims, and thereafter moved for summary judgment, arguing that he was not in default under the lease because the vehicle was wrongfully turned over to and retained by plaintiff.
Defendant’s submissions in support of his motion for summary judgment established prima facie that he made immediate and diligent efforts to recover the vehicle; that the District Attorney’s office authorized the release of the vehicle to him; that notwithstanding such authorization, NYPD did not return the vehicle to him or commence forfeiture proceedings as prescribed by Rules of the New York City Police Department (38 RCNY) § 12-32 (a); and that plaintiff, upon taking possession of the vehicle, declined to return it to him.
Plaintiff, in opposition, failed to submit any evidence in admissible form to raise an issue of fact as to defendant’s alleged default or lack of defense (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Inasmuch as the record conclusively establishes that defendant’s bona fide efforts to recover the vehicle *25 were thwarted by plaintiffs own actions, summary judgment dismissal of the complaint was warranted.
McCooe, J.P., and Schoenfeld, J., concur.