■ FORD MOTOR CREDIT COMPANY, Doing Business as JAGUAR CREDIT COMPANY, Appellant, v DAVID J. LOUIE, Respondent. [843 NYS2d 29]—

Order of the Appellate Term of the Supreme Court, First Department entered on or about April 19, 2006, which reversed an order of the Civil Court, New York County (Analisa Torres, J.), entered October 21, 2004, denying both plaintiff's and defendant's motions for summary judgment, granted defendant's motion and dismissed the complaint, unanimously affirmed, without costs.

On November 22, 2002, defendant Louie's vehicle, leased from plaintiff Ford, was impounded after Louie was arrested for driving while intoxicated. After pleading guilty to driving while abil-

ity impaired, Louie made attempts to recover the vehicle by telephone on December 2, 2000 and in writing on December 5, 2002 to the commanding officer of the Staten Island precinct where, apparently, the vehicle was taken and remained, and on December 11 to the Property Clerk of the New York City Police Department (NYPD). On December 11, the Richmond County District Attorney's Office authorized the Property Clerk, in writing, to release the vehicle to "any person who proves to your satisfaction his right to possession of same." However, the vehicle was not returned to Louie.

On January 13, 2003, Louie wrote to an unidentified official of the NYPD again seeking the return of his vehicle. Attached to the letter was a copy of the lease, the District Attorney's release, and a copy of the Property Clerk's acknowledgment of the December 11 demand.

On January 24, 2003, Ford obtained the vehicle from the Property Clerk by executing a release and hold harmless agreement, wherein it agreed not to return the vehicle to Louie or any member of his family. On February 7, 2003, Ford sent Louie a "Notice of Our Plan to Sell Property," advising Louie that in order to avoid the sale of the vehicle, he had to "obtain a statement from the NYPD that the seizure was in error and [Ford] may return the vehicle to [Louie] without jeopardizing [Ford's] rights." Louie did not obtain any statement from the Property Clerk or any other official with the NYPD. On May 7, 2003, the vehicle was sold at auction for $30,250.

Ford commenced this action to recover the unpaid balance due under the lease on grounds that Louie breached paragraph 11 of the lease when the vehicle was seized by the government and not "promptly and unconditionally" returned to him. Louie answered, asserting various affirmative defenses and counterclaims, alleging, inter alia, that Ford was reckless, negligent, and in breach of the lease for wrongfully taking the vehicle, refusing to return it to him, and entering into an agreement with the City of New York to assume possession of the vehicle.

The motion court denied both parties' motions for summary judgment on the ground that issues of fact existed as to whether "given [Louie's] efforts to recover the car in December 2002 and January 2003 and plaintiff's retrieval of the car from the NYPD on January 24, 2003, defendant violated the 'prompt release' section of paragraph 11 of the lease."

Appellate Term reversed and granted Louie's motion, holding that Louie's papers established prima facie that "he made immediate and diligent efforts to recover the vehicle; that the District Attorney's office authorized the release of the vehicle to

him; that notwithstanding such authorization, NYPD did not return the vehicle to him nor commence forfeiture proceedings . . . ; and that plaintiff, upon taking possession of the vehicle, declined to return it to him." Appellate Term also found that Ford's own actions thwarted Louie's bona fide efforts to recover the vehicle.

Not only do we agree that Louie's attempts to recover the vehicle were both immediate and diligent, we find that Louie did all that he could. 38 RCNY 12-35 (b) provides that "the police property clerk shall return all non-contraband arrest evidence . . . upon timely demand, to a claimant who produces proper identification and who submits a written district attorney's release covering such property and the voucher issued at the time of arrest." Louie followed these procedures on December 11, 2002 when he submitted to the Property Clerk his written demand for the return of his vehicle along with the property voucher and the District Attorney's release. Since the City did not commence a forfeiture proceeding within 25 days of Louie's claim, the vehicle should have been returned to Louie forthwith (38 RCNY 12-36 [a]). From that point forward, the matter was taken out of Louie's hands when Ford executed a release and hold harmless agreement with the Property Clerk, and upon taking possession of the vehicle, refused to return it to Louie, thereby thwarting Louie's efforts to cure his default under the lease. Ford's bad faith is further demonstrated by its February 7, 2003 letter to Louie purportedly permitting him an opportunity to cure the situation despite the fact it had previously entered into a contract with the City specifically agreeing not to return the vehicle to Louie. As there are no material issues of fact as to Louie's alleged default, Ford's complaint was properly dismissed. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ. [*See* 12 Misc 3d 23.]